UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN A. DRESSEN, | ) |
| | ) |
| Plaintiff, | ) Civil No. 04-06419 Mc |
| | ) |
| v. | ) MEMORANDUM OF DECISION |
| | ) AND ORDER IN A |
| JO ANNE B. BARNHART, | ) SOCIAL SECURITY CASE |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Jean A. Dressen, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner"). For the reasons set forth below, the court finds that there is not substantial evidence in support of the decision of the Commissioner. The court, therefore, remands this matter to the Commissioner for further proceedings.

## BACKGROUND

The plaintiff originally filed an application for Disability Insurance Benefits under the Social Security Act (the "Act") on April 1, 2000. [Administrative Record ("AR") 89.] The Commissioner denied the application initially and on reconsideration. [AR 74, 80.] At

the plaintiff's request, administrative hearings were held before Administrative Law Judge Samuel W. Warner (the "ALJ") on November 27, 2000. [AR 32.] On January 20, 2001, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 24-31.] Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 6, 11.]

The plaintiff next filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

## STANDARDS OF REVIEW

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This Court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than

\\\

one rational interpretation, the court must sustain the Commissioner's decision. See Gallant v Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

## THE FIVE-STEP SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal one of the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he or she is unable to perform other work. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

## FINDINGS OF THE ALJ

The plaintiff was born on March 3, 1947. [AR 35, 89.] The plaintiff completed high school. [AR 35, 103.] The plaintiff has

3

past work experience as a waitress. [AR 36, 100.] The plaintiff alleges that she is unable to work because of arthritis in her neck, knees and lower back. [AR 99.] The plaintiff alleges an onset date of April 21, 1998. [AR 99.]

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. [AR 25.] The ALJ found that the medical evidence established that the plaintiff had the following severe impairments: "lumbosacral degenerative disc disease and spondylolisthesis and spondylosis, lumbar sprain." [AR 28.] The ALJ concluded that these impairments whether considered singly or in combination did not meet or equal any of the impairments listed in the Act's listing of impairments.[1] See 20 C.F.R. Pt. 404, Subpt. P, Pt. 1. [AR 28.]

The ALJ found that the plaintiff retained the residual functional capacity to perform light work[2]. [AR 28.] The ALJ found that the plaintiff's ability to perform work was further limited to occasional climbing, balancing, stooping, kneeling, crawling, crouching and bending. [AR 28-29.]

The ALJ found that the plaintiff could not perform her past relevant work as a waitress. [AR 29.] However, the ALJ found that the plaintiff could perform work as a school crossing guard, theater usher and information clerk/greeter. [AR 30, 31.] The ALJ concluded

\\\

---

[1] The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. 20 C.F.R. § 416.925(a).

[2] Light work is defined as work involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds with a good deal of walking or standing. See 20 C.F.R. § 404.1567(b).

4

that the plaintiff was not under a disability, as defined by the Act, at any time through the date of the decision.  [AR 30, 31.]

**THE PLAINTIFF'S CONTENTIONS**

1.  The ALJ failed properly to evaluate the credibility of the plaintiff.  [Joint Stipulation, p. 3.]

2.  The ALJ failed properly to evaluate the credibility of lay witness Kevin Eugene Dallaire.  [Joint Stipulation, p. 8.]

3.  The ALJ failed properly to assess the plaintiff's pain testimony.  [Joint Stipulation, p. 10.]

4.  The ALJ failed properly to assess the testimony of the vocational expert.  [Joint Stipulation, p. 14.]

5.  The ALJ improperly failed to apply Social Security Rulings 96-7p, which concerns the evaluation of a claimant's credibility, and SSR 96-8p, which concerns the assessment of a plaintiff's residual functional capacity.  [Joint Stipulation, p. 20.]

6.  The ALJ improperly rejected the opinions of treating physicians Robert A. Audell, M.D., and Frank S. Miya, M.D.  [Joint Stipulation, p. 22.]

7.  The Appeals Counsel improperly failed to consider exhibits A/C-3 and A/C-4.  [Joint Stipulation, p. 30.]

**DISCUSSION**

**The Credibility of the Plaintiff**

In her first, third and fifth contentions, the plaintiff contends that the ALJ failed properly to evaluate the credibility of the plaintiff's pain testimony.  [Joint Stipulation, p. 3.]

The plaintiff testified about her daily activities.  The plaintiff washed dishes, cooked and did her own laundry.  [AR 45.] The plaintiff did not have a dryer and had to take her laundry out "in

sections" to dry on a clothesline.  [AR 45.]  If there was too much laundry, the plaintiff could not carry it all.  [AR 45.]  The plaintiff also vacuumed, doesn't sweep, and mops as little as possible.  [AR 45.]  The plaintiff drove and shopped for groceries.  [AR 46.]  The plaintiff liked to bead but did not "do it that often anymore because it really hurts my neck to sit in that position with my head faced forward."  [AR 46.]

The plaintiff testified that she had problems moving her neck and was limited in bending because it was hard for her to get back up.  [AR 51.]  The plaintiff testified that she could stand for forty minutes at a time but would require twenty minutes of rest before she could stand again.  [AR 53-54.]  The plaintiff's problems caused her difficulty when she washed dishes.  [AR 51.]  It took the plaintiff "a couple of hours" to wash the dishes because she would have to leave and do something else after washing only a few dishes.  [AR 51.]  The plaintiff also testified that, when she shopped, she could not lift items which were the weight of two, two-liter bottles of soda.  [AR 52.]

The ALJ noted that the medical evidence showed that the plaintiff "received conservative treatment and benefited from treatment."  [AR 28.]  The ALJ also noted that the plaintiff testified that "despite her complaints, she occasionally cooks, shops, mops, drives, and does beading as a hobby.  She also stated that she irons, does laundry, and performs light chores."  [AR 28.]  The ALJ found the plaintiff's testimony regarding pain "less than credible."  [AR 28.]

A plaintiff who alleges disability based on subjective symptoms must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

6

symptoms alleged.  See Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986); Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The Cotton test requires only that the causal relationship between the impairment and the symptom be a reasonable inference, not a medically proven phenomenon.  The plaintiff only needs to show that the impairment could reasonably have caused some degree of the symptom. See Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986)(noting that the Ninth Circuit has "never required that the medical evidence identify an impairment that would make the pain inevitable").  Once the plaintiff has satisfied the Cotton test and there is no evidence of malingering, the ALJ may reject the plaintiff's testimony regarding the severity of her symptoms only if he or she makes specific findings stating clear and convincing reasons for doing so.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993)).  The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.  Id.

In order to determine whether the plaintiff's testimony regarding the severity of his or her symptoms is credible, the ALJ may consider the following, for example: (1) ordinary techniques of credibility evaluation, such as the plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the plaintiff's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989); Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991).  The ALJ

must also consider other factors including the nature, location, onset, duration, and frequency of the plaintiff's symptoms, precipitating and aggravating factors, functional restrictions caused by the symptoms, type, dosage, effectiveness and side-effects of any medications, treatment other than medication, and other measures used to relieve symptoms. See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346; 20 C.F.R. 404.1529(c)(3); Social Security Ruling 96-7p.

The ALJ found that the medical evidence showed that the plaintiff suffered lumbosacral degenerative disc disease and spondylolisthesis and spondylosis, lumbar sprain. [AR 28.] In the decision, the ALJ discusses evidence regarding a cervical impairment but made no finding regarding the plaintiff's cervical impairment. [See AR 119-121, 235.] The plaintiff's lumbar impairments could reasonably be expected to cause some of the plaintiff's alleged pain. This court must determine whether the ALJ provided clear and convincing reasons for rejecting the plaintiff's credibility.

The ALJ did not specifically discuss any of the plaintiff's testimony. Without specifically setting forth the plaintiff's allegations of pain, the ALJ found them "less than credible." [AR 28.] The ALJ rejected the pain allegations because the plaintiff received and benefitted from conservative treatment and her daily activities required "performance of repetitive activities which she complained would aggravate her symptoms." [AR 28.]

The court notes that a Magnetic Resonance Imaging scan of the plaintiff's cervical spine dated July 17, 1997 showed, inter alia, right neural foraminal stenosis of moderate degree at C6-7 and left neural foraminal stenosis of severe degree at C5-6. [AR 119-121.] Also, a radiology report dated July 5, 2000, showed that the plaintiff

1  had advanced degenerative disc disease of the cervical spine.  [AR
2  235.]  The ALJ summarized these reports, however, he made no specific
3  finding regarding the plaintiff's cervical impairment.  [AR 26-28.]
4  The plaintiff's cervical impairment could also have caused the
5  plaintiff's pain.  It appears that the ALJ failed to consider the
6  plaintiff's cervical impairment and the effects that her cervical
7  impairment may have had on her.  In the absence of proper
8  consideration of the plaintiff's cervical impairment, the ALJ's
9  credibility finding is incomplete.
10    In light of the failure of the ALJ to consider the plaintiff's
11 cervical impairment, this case must be remanded to the Commissioner
12 for further findings regarding the plaintiff's claimed cervical
13 impairment.  The Commissioner shall make findings regarding, <u>inter
14 alia</u>, whether the cervical impairment was severe, whether it met the
15 listings and whether it could have reasonably caused the plaintiff's
16 pain.  The Commissioner shall also make further findings regarding the
17 credibility of the plaintiff's pain testimony, which conform to the
18 law set forth above.

19 **The Credibility of Lay Witness, Kevin Dallaire**

20    The plaintiff contends that the ALJ failed properly to evaluate
21 the credibility of lay witness Kevin Eugene Dallaire.  [Joint
22 Stipulation, p. 8.]
23    Mr. Dallaire testified that he had lived with the plaintiff since
24 November of 1997.  [AR 57.]  Mr. Dallaire testified that he worked ten
25 to twelve hours a day.  [AR 57.]  Mr. Dallaire testified that the
26 plaintiff does some cleaning up, makes jewelry, talks on the phone and
27 watches television on a daily basis.  [AR 57.]  The plaintiff also
28 does some shopping.  [AR 57-58.]  Mr. Dallaire also testified that the

plaintiff had good days and bad days. [AR 59.] On good days, the plaintiff could do light chores. [AR 59.] On bad days, the plaintiff cannot even get a can from the cupboard and has trouble walking. [AR 59.]

In his decision, the ALJ noted that Mr. Dallaire was present at the plaintiff's administrative hearing but failed to note that Mr. Dallaire testified. The ALJ did not discuss the testimony of Mr. Dallaire at all and did not make a specific finding regarding the credibility of Mr. Dallaire's testimony.

The ALJ must consider lay witness testimony. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Descriptions by friends and family members in a position to observe the plaintiff's symptoms and daily activities have routinely been treated as competent non-medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); see also Crane v. Shalala, 76 F.3d 251 (9th Cir. 1996). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d at 919; Schneider v. Commissioner, 223 F.3d 968, 975 (9th Cir. 2000).

The ALJ made no mention of Mr. Dallaire's testimony. The ALJ improperly failed to consider and evaluate the testimony of Mr. Dallaire. The present case must be remanded for proper consideration of the testimony of Mr. Dallaire.

**The Plaintiff's Remaining Contentions**

In the absence of proper consideration of the plaintiff's cervical impairment, the ALJ's findings regarding the plaintiff's residual functional capacity and her ability to perform work are incomplete.

10

On remand, the Commissioner must reconsider all of the evidence, including but not limited to the vocational expert testimony and the treating and examining physicians' opinions, in light of the plaintiff's cervical impairment.

## **CONCLUSION**

The Court has reviewed the pleadings, motions and memoranda, and the transcript of the record.  In accordance with the foregoing discussion, the magistrate judge finds that the plaintiff has shown good cause for remanding the case to the Commissioner for further proceedings regarding the plaintiff's cervical impairment and the credibility of the plaintiff and Mr. Dallaire.

## **ORDER OF REMAND**

IT IS ORDERED that this case be remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons set forth herein.

Dated:  January 25, 2006

_____/s/_____
JAMES W. McMAHON
United States Magistrate Judge